## MAY v. MEIERDIERCK.

*(Common Pleas of New York City and County, General Term.   January 4, 1892.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

In an action against a brewer for constructing an awning on premises of a saloon-keeper, the evidence was very conflicting, and was evenly balanced as to credibility and interest of the witnesses; and, although defendant urged that no sufficient inducement for him to put up the awning was shown, plaintiff showed that others were willing to do it to secure the saloon-keeper's trade, which defendant was desirous of keeping.   *Held*, that the appellate court would not reverse the judgment of the trial justice for plaintiff.

Appeal from eleventh district court.

Action by William A. May against John H. Meierdierck, for work, labor, and services.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Hudspeth & Collyer*, for appellant.   *McMahon & Mabbett*, for respondent.

BOOKSTAVER, J.   This action was brought by the plaintiff to recover of the defendant the sum of $175, with interest, for work, labor, and services rendered and materials furnished in constructing a corrugated iron awning to a building on the south-east corner of Fifty-Seventh street and Eleventh avenue in the city of New York.   The plaintiff is a builder of awnings. The defendant is a brewer; and one William F. Maas was the owner of the saloon where the awning in question was erected.   The appellant does not contend that there was not evidence in this case sufficient to warrant the justice in finding a verdict for the plaintiff, but claims that the evidence offered on his part so greatly preponderated that this court, on a review of the whole testimony, should reverse the judgment.   We have carefully examined the evidence, and find it very conflicting, and evenly balanced as far as credibility and interest of the witnesses were concerned.   It is strongly urged that the inducement for the defendant to put up the awning was not sufficient to lead him to agree to do it; but, on the other hand, it is shown that there were other parties who were willing to do it, provided Maas would have given them his trade, which the defendant was desirous of keeping.   Where there is a conflict of evidence this court will not interfere with the finding of the justice below unless the evidence be of such convincing character as to lead to the conclusion that the justice must have been influenced by prejudice, partiality, or passion, or has manifestly neglected, through mistake, to deliberate upon the whole testimony.   *Dempsey* v. *Paige*, 4 E. D. Smith, 218; *Donohue* v. *Henry*, Id. 164.   We cannot say, on such evenly-balanced testimony, that the justice erred in the conclusion to which he arrived, or was influenced by prejudice, partiality, or passion.   Therefore, in our opinion, the judgment should be affirmed, with costs.